**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| US INVENTOR, INC., INVENTOR'S ASSOCIATION OF SOUTH CENTRAL KANSAS, INVENTORS NETWORK OF MINNESOTA, SAN DIEGO INVENTORS FORUM, INC., MERCEXCHANGE, L.L.C., and PAUL MORINVILLE,<br><br>      Plaintiffs,<br><br>   v.<br><br>KATHERINE VIDAL, in her official capacity performing the functions and duties of the Under Secretary of Commerce for Intellectual Property and Director, United States Patent and Trademark Office, and the UNITED STATES PATENT AND TRADEMARK OFFICE,<br><br>      Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. _____<br><br>**COMPLAINT** |

---

**ORIGINAL COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF**

---

US Inventor, Inc., Inventor's Association of South Central Kansas, Inventors Network of Minnesota, San Diego Inventor's Forum, Inc., MercExchange, L.L.C., and Paul Morinville ("Plaintiffs"), by and through their undersigned counsel, brings this Complaint for Declarative and Injunctive Relief against Defendant Katherine Vidal, in her official capacity performing the functions and duties of the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office (the "Director"), and Defendant United States Patent and Trademark Office (the "Patent Office") and allege as follows:

1

**NATURE OF THE ACTION**

1.     This is a civil action brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706, challenging Defendants' use of language on the cover binder on issued patents that inaccurately depicts the rights granted by an issued patent based on the current binding case law.

2.     This suit is brought under 5 U.S.C. § 706(1) of the APA to compel "agency action unlawfully withheld" by the United States Patent and Trademark Office ("USPTO"). Additionally, this suit is brought under 5 U.S.C. § 706(2)(A) of the APA to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Further, this suit is brought under 5 U.S.C. § 706(2)(C) of the APA to "hold unlawful and set aside agency action" that is "in excess of statutory jurisdiction, authority, or limitations, or short of a statutory right."

3.     The Director's repeated usage of language that indicates a patent owner has a "right to exclude" others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America. Moreover, the Director has failed to amend representations about patent owners' rights despite decisions in the United States patent law that have limited those rights.

4.      This agency action and inaction follows an agency rule that has not gone through notice-and-comment rulemaking. Further, the rule the Director follows when continuously making such representations on the cover of issued patents is arbitrary, capricious, an abuse of discretion, in excess of authority, and not in accordance with the law. Defendants have no legal authority to represent that there is an unequivocal right to exclude granted with an issued patent. The

2

misleading statements made by the Director on the cover of an issued patent are currently presenting a substantial injury to Plaintiffs and patent owners.

## THE PARTIES

5.      Plaintiff **US Inventor Inc.** ("US Inventor") is an Indiana non-profit corporation with its principal office in Clearwater, Florida. US Inventor advocates for and educates independent inventors, small businesses, and startups on patent-related matters. US Inventor represents more than 10,000 independent inventors and the small businesses. Its mission is to educate inventors, lawmakers, agencies, and courts on matters affecting their inventor members and to participate in shaping and reforming those policies. In doing so, US Inventor publishes commentary on topics relevant to its members' patent interests and petitions for rulemaking on behalf of its members.

6.      In 2018, US Inventor filed with the USPTO its Petition for Rulemaking Under 5 U.S.C. § 553(e) and 35 U.S.C. § 2(b)(2) to Correct the Text Placed on Issued Patent Cover Binders to Remove Wrong Information About Rights Granted Under a PatenGarst (a true and correct copy attached as Exhibit A). Although this Petition was served to both the then-active Director Andrei Iancu and the USPTO, no agency action has occurred on that petition.

7.      While US Inventor often works with policymakers in government to advocate for more certain patent rights, US Inventor does not normally advise its members on business strategies or investment paths. Providing business advice for each independent inventor or small business containing inventors is outside the usual practice of US Inventors. Nonetheless, because of the USPTO's failure to provide an accurate representation of a patent owner's rights on the cover of an issued patent—especially following the case law that has limited injunctive relief— US Inventor has had to spend time and resources developing its own guidance for its members on

how to handle investment, research, and business decisions for those seeking to exclude others from making, using, offering for sale, selling, and importing patented inventions.

8.      US Inventor typically relies—and would rely in this instance if available—on issued regulations published in the Federal Register for notice and comment, ultimately appearing in the Code of Federal Regulations. However, the USPTO and its past and current Directors never promulgated any such notice-and-comment regulations on the topic of the language used and representations made on the cover of an issued patent. Because the Director's and the USPTO's inaction, and the agency's action of continuously issuing patents with the inaccurate representation of patent owner's right, has denied US Inventor to fulfill its mission. Thus, the USPTO and the Director have inhibited US Inventor's operations, undercut US Inventor's ability to serve its members, and forced the organization to partake in activities outside of its normal expenditures. This constitutes organizational injury to US Inventor.

9.      US Inventor also has thousands of members made up of patent owners and inventors throughout the United States. These members include independent inventors, small businesses, and startup groups. Many of these members, including co-Plaintiffs discussed below, have faced direct injury as a result of trusting the inaccurate representations on the cover of their issued patents that conveyed that the inventors had a "right to exclude" under their United States patent. By relying on this representation, many members of US Inventor have made injurious and incorrect business, investment, and research decisions. This constitutes associational injury to US Inventor.

10.     Plaintiff **Inventor's Association of South Central Kansas** ("InventKansas") is a Kansas non-profit corporation with its principal place of business in Burrton, Kansas. InventKansas supports and educates inventors in developing and protecting their inventions. While

InventKansas provides patent application guidance and networking opportunities for inventors, InventKansas has been forced to divert its resources outside of the typical scope of its activities as a means to protect its members. This constitutes organizational injury to InventKansas.

11.     Plaintiff **Inventors Network of Minnesota** is a Minnesota non-profit corporation. Inventors Network of Minnesota has its principal place of business at 15237 Lynn Terrace, Minnetonka, Minnesota 55345.  Inventors Network of Minnesota aims to help early-stage product developers and inventors. From this, Inventors Network of Minnesota focuses on assisting inventors through the process of bringing their ideas to market. But, because of the Director's and the USPTO's inaccurate representations on the cover of issued patents and the risk of harm to members relying on the idea of an unencumbered "right to exclude," Inventors Network of Minnesota has been injured by having to spend time and resources on this issue. This constitutes organizational injury to Inventors Network of Minnesota.

12.     Plaintiff **San Diego Inventors Forum, Inc.** ("San Diego Inventors Forum") is a California non-profit corporation. San Diego Inventors Forum has its principal place of business at 1198 Linda Vista Drive, Suite C, San Marcos, California 92054.

13.     Plaintiff **MercExchange, L.L.C.** ("MercExchange") is a patent owner and Viriginia limited liability company harmed by the unlawful agency action and withholding of agency action described below. MercExchange is a Virginia company with its principal place of business at 9330 Georgetown Pike, Great Falls, Virginia 22066. MercExchange has been directly injured by relying upon the understanding that there was a right to exclude based on the language conveyed on the cover of its issued patents. Patent No. 7,970,652, which is assigned to MercExchange and issued on June 28, 2011, is an example patent where the Director provided the language on the granted patent that incorrectly instructed MercExchange of its associated rights.

As a patent owner facing a likelihood of future infringers that will be able make, use, offer for sale, sell, or import its patented inventions without the guaranteed protection of injunctive relief, MercExchange's injury is likely to recur.

14. Plaintiff **Paul Morinville** is a patent owner harmed by the unlawful agency action and withholding of agency action described below. Mr. Morinville resides in Georgetown, Texas. Mr. Morinville has been directly injured by relying upon the understanding that there was a right to exclude based on the language conveyed on the cover of its issued patents. Patent No. 8,407,258, which listed Mr. Morinville as an inventor and issued on March 26, 2013, is an example patent where the Director provided the language on the granted patent that incorrectly instructed Mr. Morinville of his associated rights. As a patent owner facing a likelihood of future infringers that will be able make, use, offer for sale, sell, or import his patented inventions without the guaranteed protection of injunctive relief, Mr. Morinville's injury is likely to recur.

15. Defendant **Katherine Vidal** is performing the functions and duties of the Under Secretary of Commerce for Intellectual Property and Director of the USPTO. The Director oversees the operations of the USPTO and is statutorily vested with the authority to sign and oversee the contents on the cover page of an issued patent, 35 U.S.C. § 153. Defendant Vidal is being sued in her official capacity. Her principal places of business are in Alexandria, Virginia and Washington, D.C.

16. Though Director Vidal is named as defendant in her official capacity, the unlawful activities alleged here originate with actions and inactions committed by her predecessors.

17. Defendant the **United States Patent and Trademark Office** ("USPTO") is a United States government administrative agency within the Department of Commerce, having its

principal place of business in Alexandria, Virginia. The USPTO is statutorily vested with the authority to grant and issue patents, 35 U.S.C. § 2.

## JURISDICTION AND VENUE

18.    This action arises under the APA, 5 U.S.C. § 701 *et seq.*

19.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

20.    This Court has jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency of the United States or any agency thereof to perform a duty owed to plaintiff" and, accordingly, jurisdiction in this matter under 28 U.S.C. § 1361.

21.    Under 5 U.S.C. § 702, Defendants have waived sovereign immunity for purposes of this suit.

22.    Plaintiffs claim for declaratory and injunctive relief is authorized under 28 U.S.C. §§ 2201 and 2202, by 5 U.S.C. §§ 702–706, by Federal Rules of Civil Procedure 57 and 65, and by the inherent equitable powers of this Court.

23.    Venue is proper in this District under 28 U.S.C. § 1391 and 5 U.S.C. § 703.

24.    The agency actions unlawfully withheld are deemed under the APA to be final agency actions subject to judicial review under 5 U.S.C. § 704. The agency actions unlawfully undertaken are deemed under the APA to be final agency actions subject to judicial review under 5 U.S.C. § 704.

## FACTUAL BASIS

### Representation of a Right to Exclude on Issued Patents

25.    "To promote the progress of science and useful arts," the Constitution empowers Congress to "secur[e] for limited times to . . . inventors the exclusive right to their . . . discoveries."

7

U.S. CONST., art. I, § 8, cl. 8. The United States patent system has long fueled American economic growth and innovation by granting inventors a "right to exclude" for a limited term in exchange for public disclosure of how to make and use the patented invention.

26.     Patents are both granted and issued by the USPTO based on the statutory authority given to the agency under 35 U.S.C. § 2. Since 1848, the USPTO has followed its tradition of issuing patents each Tuesday. In this time, the USPTO has granted and issued over eleven million patents.

27.     These issued patents include language on their covers that specifically state that the Director has received the application for a patent and that the "patent on the invention shall be granted under the law."

28.     Each patent also includes a representation to the patent owner. Specifically, the cover of issued patents states:

> Therefore, this
>
> United States Patent
>
> grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America, and if the invention is a process, of the right to exclude others from using, offering for sale or selling throughout the United States of America, products made by that process, for the term set forth in 35 U.S.C. 154(a)(2) or (c)(1), subject to the payment of maintenance fees as provided by 35 U.S.C. 41(b). See the Maintenance Fee Notice on the inside of the cover.

29.     Following this representation, the acting Director of the USPTO provides her own signature in support of the language presented on the cover of the issued patent.

30.    As shown in the excerpt above, the cover of an issued patent repeatedly assures the patent owner the "right to exclude." This right to exclude is not cabined by any additional language on the cover of the issued patent.

31.    Contrary to this representation, the patent owner's ability and right to exclude is not absolute. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392–94 (2006) (establishing that the right to exclude through injunctive relief is not guaranteed following adjudication and finding of infringement and validity).

32.    The representation of an absolute right to exclude and the endorsement by the acting Director of the USPTO tells patent owners that, if the patent owner so chooses, the patent owner may exclude all others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America.

## The Effect of *eBay* on the Right to Exclude

33.     On March 29, 2006, the Supreme Court of the United States heard arguments in the case *of eBay Inc. v. MercExchange, L.L.C.* ("*eBay*") as to whether the patent system guaranteed patent owners a right to exclude through permanent injunctive relief following a finding of validity and infringement. *Id.* at 388.

34.    Through a grant of a permanent injunction, a patent owner—with the legal support of a court order—may permanently require a person to cease the making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America.

35.    Prior to the Supreme Court's opinion and in the dispute between eBay and MercExchange, the Federal Circuit consistently took the stance that a district court did not have the discretion to deny a permanent injunction after a jury's finding of a patent's validity and

infringement. *See MercExchange, L.L.C. v. eBay Inc.*, 401 F.3d 1323, 1338–39 (Fed. Cir. 2005) (finding the denial of permanent injunction was an abuse of discretion); *Rite-Hite Corp. v. Kelley, Inc.*, 56 F.3d 1538, 1547 (Fed. Cir. 1995) (illustrating that denial of a permanent injunction after the jury's finding of validity and infringement was an abuse of discretion except for in the limited circumstance when a patentee's failure to practice the patented invention frustrates an important public need for the invention).

36.    Despite the Federal Circuit's position on injunctive relief, the Supreme Court articulated a contrary and now-binding position about injunctive relief under the patent system in its *eBay* decision on May 15, 2006. *eBay*, 547 U.S. at 388.

37.    The Supreme Court's opinion makes clear that the right to exclude—such as through injunctive relief—is no longer a guarantee or an absolute right of the patent owner. *eBay*, 547 U.S. at 393. Instead, the Supreme Court held that the patent laws, as enacted by Congress under the Intellectual Property clause, supply solely a mere trigger for a district court to exercise discretion concerning exclusivity. *Id.* at 391–92.

38.    Now, a patent owner seeking a permanent injunction does not have a right to exclude, but rather must satisfy a four-factor test before the court may even grant such relief. *Id.* at 391. Thus, to obtain a permanent injunction, a patent owner must demonstrate:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

39.    The use of this test for permanent injunctive relief following *eBay* has led to the common practice of district court's denying permanent injunctions in cases where an infringer

contests the patent owner's request for injunctive relief. *See* Vincenzo Denicolò, *Revisiting injunctive relief: Interpreting eBay in high-tech industries with non-practicing patent holders*, 4 J. OF COMPETITION L. & ECON. 571, 571–608 (2008); Bernard Chao, *After eBay, Inc. v. MercExchange: The Changing Landscape for Patent Remedies*, 9 MINN. J.L. SCI. & TECH. 543, 545 (2008).

40.     Because there no longer is a right to get injunctive relief after a finding of validity and infringement, the case law has eliminated the patent owner's "right to exclude."

### The Director's Continued Representations

41.     Even though there has been a dramatic change to the patent system and a patent owner's ability to receive injunctive relief, the language on the cover of an issued patent never changed following the *eBay* decision in 2006.

42.     The Director and USPTO still make the representation to each patent owner that obtaining an issued patent:

> grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America, and if the invention is a process, of the right to exclude others from using, offering for sale or selling throughout the United States of America, products made by that process, for the term set forth in 35 U.S.C. 154(a)(2) or (c)(1), subject to the payment of maintenance fees as provided by 35 U.S.C. 41(b). See the Maintenance Fee Notice on the inside of the cover.

43.     Thus, the Director's representation does not comport with the current law regarding the rights of a patent owner.

### The Continued Representations Exceed the Director's Authority

44.     The Director and the USPTO do not have the authority to mislead patent owners when granting and issuing a patent. By indicating that the patent owners possessed rights that the

11

patent owners do not have based on the current patent laws of the United States, the Director exceeded the authority vested in her.

45.     Although the statute accords the Director some discretion how to present the contents of an issued patent, there is a requirement that the USPTO and the Director properly inform a patent owner of the rights to exclude and any limitations or lack of such right. See 35 U.S.C. § 154. Thus, the Director's discretion on what is put on the cover of an issued patent is not unbounded and cannot be exercised in a manner that is contrary to the statute's text, structure, and purpose.

### The Continued Representations are Arbitrary and Capricious

46.     The Director's representations on the cover of issued patents has repeated led to unjustifiable and unpredictable repercussions for patent owners. *See* CB, Declaration of Schumann Rafizadeh; *see also* Exhibit C, Declaration of Dr. Venkat Konda; Exhibit D, Declaration of Paul Hayes.

47.     Since the district court now must conduct a four-factor test to even have the discretionary power to grant injunctive relief, there is uncertainty faced by patent owners as to whether they are capable to excluding others from practicing their patented inventions. But, even more concerning, many patent owners are unaware that the right to exclude has been so limited until it is too late for recourse.

48.     For example, in the instance of Patent No. 10,977,413, the inventor and assignee relied on having a right to exclude that ultimately was not available to be exercised. *See* Exhibit C. Thus, the possibility to exclude infringers is not equivalent to a right—in contrast to the inaccurate language from the Director and USPTO on the cover of an issued patent.

49.     The representations on the cover of an issued patent thus promote uncertainty and unpredictability—a complete opposite to the administrative efficiency that Congress intended to promote by requesting that the Director provides an explanation of the rights of the patent owner under 35 U.S.C. § 154.

50.     Because these actions by the agency are contrary to the USPTO's statutory mandate and the Director has failed to cite any legitimate reason for continuously providing the misleading language on the cover of an issued patent, the associated rules followed by the agency are arbitrary and capricious. Moreover, neither the USPTO nor the Director have engaged with significant comments, objections, or alternative options for expressing the rights of the patent owner on the cover of an issued patent.

## COUNTS

### Count 1: Final Agency Inaction in Violation of 5 U.S.C. § 706(1)

51.     Plaintiffs re-allege and incorporate by reference every allegation contained in all of the preceding paragraphs as though set forth in full herein.

52.     Under the APA, the Court shall "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

53.     The Director has failed to amend the language explaining the rights of a patent owner on the cover of an issued patent despite rulemaking petitions alerting the Director to the injurious results of this inaction.

54.     The Director has not engaged in the required notice-and-comment rulemaking so as to ensure that the representations made by the USPTO to patent owners were commensurate with the patent law of the United States.  Thus, "agency action" in the form of rulemaking has thus been "unlawfully withheld."

13

55.     The Director could not lawfully provide the representations regarding patent owner's rights without notice-and-comment rulemaking. *See* 5 U.S.C. § 553; 35 U.S.C. §§ 2(b)(2), 316(a), 326(a-b).

56.     Thus, the Director has withheld agency action in violation of the APA.

**Count 2: Final Agency Action in Violation of 5 U.S.C. § 706(2)(A)**

57.     Plaintiffs re-allege and incorporate by reference every allegation contained in all of the preceding paragraphs as though set forth in full herein.

58.     Under the APA, the Court shall "hold unlawful and set aside agency action" that is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(C).

59.     The Director's continued use of language on the cover of an issued patent that represents there is a right to exclude despite the patent law of the United States indicating otherwise constitutes a final agency action.

60.     The Director's representations falsely indicate to patent owners that there is a right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America, but the binding laws limiting the applicability and availability of injunctive relief do not comport with this representation.

61.     Even if the continued representations about the right to exclude made on the cover of an issued patent were not contrary to the law, the Director could not lawfully provide the representations regarding patent owner's rights without notice-and-comment rulemaking. *See* 5 U.S.C. § 553; 35 U.S.C. §§ 2(b)(2), 316(a), 326(a-b).

62. Thus, the Director has acted in a manner that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law in violation of the APA.

**Count 3: Final Agency Action in Violation of 5 U.S.C. § 706(2)(C)**

63. Plaintiffs re-allege and incorporate by reference every allegation contained in all of the preceding paragraphs as though set forth in full herein.

64. Under the APA, the Court shall "hold unlawful and set aside agency action" that is found to be "in excess of statutory jurisdiction, authority, or limitations, or short of a statutory right." 5 U.S.C. § 706(2)(C).

65. The Director's continued use of language on the cover of an issued patent that represents there is a right to exclude despite the patent law of the United States indicating otherwise constitutes a final agency action.

66. The Director's representations falsely indicate to patent owners that there is a right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America, but the binding laws limiting the applicability and availability of injunctive relief do not comport with this representation.

67. Even if the continued representations about the right to exclude made on the cover of an issued patent were not contrary to the law, the Director could not lawfully provide the representations regarding patent owner's rights without notice-and-comment rulemaking. *See* 5 U.S.C. § 553; 35 U.S.C. §§ 2(b)(2), 316(a), 326(a-b).

68. Thus, the Director has acted in a manner that is in excess of statutory jurisdiction, authority, or limitations in violation of the APA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.      Declare representations of an unequivocal right to exclude on the cover of a granted patent to be unlawful;

B.      Compel notice-and-comment rulemaking regarding representations made on the cover of a granted patent, to ensure the language informing patentees of their rights is in accordance with the rights Congress has mandated;

C.      Permanently enjoin Defendants, and their officers, agents, employees, assigns, and all persons acting in concert or participating with her, from making representations of an unequivocal right to exclude on the cover of a granted patent;

D.      Award Plaintiffs their costs and attorney's fees and expenses as allowed by law; and

E.      Provide such other and further relief as the Court deems appropriate.

Dated: January 30, 2024                         Respectfully submitted,

DICKINSON WRIGHT PLLC

16

*/s/  H. Jonathan Redway*
H. Jonathan Redway (DC Bar No. 427474)
International Square
1825 Eye Street N.W., Suite 900
Washington, DC 20006
Telephone:  (202) 457-0160
Facsimile:  (844) 670-6009
jredway@dickinsonwright.com

Steven R. Daniels
(*Pro Hac Vice to be submitted*)
Jordan E. Garsson
(*Pro Hac Vice to be submitted*)
607 W. 3rd Street, Suite 2500
Austin, Texas 78701
Telephone: (512) 770-4200
Facsimile: (844) 670-6009
SDaniels@dickinsonwright.com
JGarsson@dickinsonwright.com


*Attorneys for Plaintiffs*

17